UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LOUIS PLAZZA,

                                           Plaintiff,

    -against-

CITY OF NEW YORK; ANTHONY SICA; JAMES MAZZOLLA; SEKAYI BABB; CHRIS DOLL; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                          Defendants.
-----------------------------------------------------------------------X

**1ST *AMENDED COMPLAINT AND JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-788

Plaintiff Louis Plazza, by his attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from an August 2, 2014 incident in which defendants, acting under color of state law, unlawfully detained and arrested Mr. Plazza following an automobile accident. As a result of the car accident he was in, Mr. Plazza needed medical treatment, and was denied the medical treatment he requested by the defendants who took him out of the hospital against his will and arrested him. As a result, Mr. Plazza was deprived of liberty and suffered physical injuries, mainly a permanent scar on his left wrist. Mr. Plazza spent approximately 24 hours going through the system. Mr. Plazza's case was dismissed and sealed on October 15, 2014.

1

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Louis Plazza ("Mr. Plazza") resided at all times in Kings County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the

rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Anthony Sica ("Sica") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Sica was, at the time relevant herein, a Police Officer under Shield # 16031 in the 69th Precinct. Defendant Sica is sued in his individual capacity.

12. Defendant James Mazzolla ("Mazzolla") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Mazzolla was, at the time relevant herein, a Police Officer under Shield # 11590 in the Highway District Unit 2. Defendant Mazzolla is sued in his individual capacity.

13. Defendant Sekayi Babb ("Babb") was, at all times here relevant, a Sergeant employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Babb was, at the time relevant herein, a Sergeant under Shield # 29632 in the 69th Precinct. Defendant Babb is sued in his individual capacity.

14. Defendant Chris Doll ("Doll") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Doll was, at the time relevant herein, a Police Officer under Shield # 221 in the 69th Precinct. Defendant Doll is sued in his individual capacity.

15. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

16. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

17. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

18. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

19. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

20. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL CHARGES

21. On August 2, 2014, at approximately 9:00 a.m., Mr. Plazza was driving North on East 80th Street in Brooklyn, New York.

22. As soon as Mr. Plazza passed the intersection of East 80th Street and Avenue J, another vehicle hit Mr. Plazza's car, causing an accident.

23. When EMS responded, they placed Mr. Plazza in an ambulance because of the injuries to his arm and wrist.

24. Approximately 10 min after EMS arrived, Defendants, including Defendant Sica, arrived on the scene.

25. When Defendants arrived on scene, Mr. Plazza was already in the ambulance.

26. The ambulance transported Mr. Plazza to Brookdale Hospital.

27. After Mr. Plazza arrived at the hospital, Defendant Sica entered Mr. Plazza's hospital room.

28. Defendants, including Sica, Mazolla, Doll, and Babb, unlawfully handcuffed Mr. Plazza to his hospital bed in an excessively tight manner causing marks on plaintiff's wrists.

29. At no point did the Defendants observe Mr. Plazza commit any crime or offense.

30. The Defendants had no probable cause or reasonable suspicion to arrest Mr. Plazza.

31. Mr. Plazza did not violate any law or local ordinance.

32. After being told he was being arrested for driving while intoxicated, Mr. Plazza requested a breathalyzer test.

33. Defendants, including Sica, Mazolla, Doll, and Babb, denied Mr. Plazza's request.

34. Upon information and belief, Defendants ordered the hospital to take Mr. Plazza's blood.

35. Mr. Plazza objected to this unwarranted intrusion and asked to see a doctor for his arm and wrist and requested his inhaler.

36. After Mr. Plazza's blood was taken, Defendant Sica cuffed Mr. Plazza with his arms behind his back, and began to walk him out of the hospital room.

37. Defendants, including Sica, Mazolla, Doll, and Babb, refused to allow Mr. Plazza to see a doctor or get treatment for his badly bruised wrist, and escorted him out of the hospital and into a patrol car.

38. Upon information and belief, Defendants, including Sica, Mazolla, Doll, and Babb removed Mr. Plazza from the hospital without getting his medical release form signed.

39. While in the patrol car, Mr. Plazza complained to Defendants about the tight handcuffs and their impact on his wrist injury.

40. Defendant Sica refused to loosen Mr. Plazza's cuffs, causing Plaintiff's wrist to become even more injured, and in turn, causing a permanent scar on Plaintiff's wrist.

41. Defendant Sica drove Mr. Plazza to the 69th Precinct and was presented in front of the Desk Sergeant.

42. Mr. Plazza asked Defendants at the precinct if he could see a doctor and if he could be breathalyzed.

43. Defendants continued to deny Mr. Plazza the medical aid he requested or to take a breathalyzer.

44. Eventually, Mr. Plazza was transported to central bookings in Brooklyn.

45. While at central bookings, Mr. Plazza was told that he cannot see a judge until they receive his medical release paperwork from Defendant Sica.

46. Approximately 2 hours later, Defendant Sica angrily yells at Mr. Plazza through the bars at central booking complaining he had to get out of bed for a form.

47. While Plaintiff was in central booking, Defendants, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Operating a Motor Vehicle While Intoxicated by Alcohol and other related charges.

48. At arraignments, Mr. Plazza was released on his own recognizance.

49. Plaintiff Plazza spent approximately 30 hours unlawfully detained in police custody.

50. On October 15, 2014, Mr. Plazza's case was dismissed and sealed by prosecutors because Mr. Plazza had a 0.00 blood alcohol content.

51. Mr. Plazza, because of the denial of medical treatment by Defendants, has a permanent scar on his right arm.

52. During all of the events described, the individual Defendants acted maliciously and with

intent to injure Plaintiff.

53. At all times relevant hereto, Defendants were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause.

54. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

**FIRST CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

57. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

58. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**

False Arrest and False Imprisonment Under
New York State Law

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

62. Plaintiff was conscious of his confinement.

63. Plaintiff did not consent to his confinement.

64. Plaintiff's arrest and false imprisonment was not otherwise privileged.

65. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Assault and Battery Under
New York State Law

67. The above paragraphs are here incorporated by reference as though fully set forth.

68. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

69. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

70. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

71. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Negligence Under
New York State Law

72. The above paragraphs are here incorporated by reference as though fully set forth.

73. Defendants owed a duty of care to Plaintiff.

74. Defendants breached their duty to Plaintiff by failing to address Mr. Plazza's medical needs.

75. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

76. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Deliberate Indifference to Medical Needs Under
42 U.S.C. § 1983 Against Individual Defendants

77. The above paragraphs are here incorporated by reference as though fully set forth.

78. At the time of Plaintiff's arrest on February 8, 2013, the individual Defendants were aware of a risk to Plaintiff's safety and a need for medical care and failed to act in deliberate indifference to Plaintiff's needs.

79. Accordingly, Defendants violated the Fourteenth Amendment because they acted with deliberate indifference to Plaintiff's medical needs and safety.

80. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

81. The above paragraphs are here incorporated by reference as though fully set forth.

82. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

83. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

84. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)  In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)  Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)  Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)  Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 30, 2015
Brooklyn New York

          Respectfully submitted,

          _____/s/ Cary London, Esq._____
          *Cary London, Esq.*
          Bar Number: CL2947
          Attorney for Mr. Plazza
          London Indusi LLP

186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com